IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLENE HOLLY and | ) | |
| SAMUEL HOLLY individually and | ) | |
| on behalf of | ) | |
| CHILD #1, CHILD #2, and CHILD #3, | ) | |
| CONNIE ROBINSON on behalf | ) | |
| of CHILD #4 and CHILD #5, and | ) | |
| MICHELLE ROBINSON | ) | |
| on behalf of CHILD #6 | ) | No: |
|     Plaintiff, | ) | |
| v. | ) | Judge: |
| | ) | Magistrate Judge: |
| OFFICER PATRICK KINNEY, #12614 | ) | |
| OFFICERS JOHN DOE #1-8, | ) | |
| THE CITY OF CHICAGO, | ) | |
| A MUNICIPAL CORPORATION | ) | |
| | ) | JURY DEMANDED |
|     Defendants. | | |

**COMPLAINT**

Now come CHARLENE HOLLY, SAMUEL HOLLY, CONNIE ROBINSON, and MICHELLE ROBINSON, by their attorneys, STANDISH E. WILLIS AND THERESA H. KLEINHAUS and state as follows:

**JURISDICTION AND VENUE**

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. Sections 1983 and 1988; 28 U.S.C. Sections 1331 and 1343 (a); and the Constitution of the United States, and supplemental jurisdiction under 28 U.S.C. Section 1367.

2. Venue is proper under 28 U.S.C. 1391 (b). On information and belief, all parties reside in this judicial district, and the events giving rise to the assertions herein all occurred within this district.

**PARTIES**

3. Charlene and Samuel Holly are adult, African-American, citizens of the United States who own and reside at 10640 S. Prairie, First Floor, Chicago, Illinois 60628. Charlene and Samuel have nine grandchildren. Charlene and Samuel are the legal guardians of three of these grandchildren: Child #1, Child #2, and Child #3. Child #1 was six years old at the time of the incident. Child #2 was five years old at the time of the incident. Child #3 was eleven months old at the time of the incident.

4. Connie Robinson is an adult, African-American citizen of the United States who resides at 10642 S. Prairie Chicago, Illinois 60628. Connie Robinson is the daughter of Charlene Holly and the mother of Child #4 and Child #5. Child #4 was eleven years old at the time of the incident. Child #5 was ten years old at the time of the incident.

5. Michelle Robinson is an adult, African-American, citizen of the United States who resides at 10640 S. Prairie, Second Floor, Chicago, Illinois 60628. Michelle is the daughter of Charlene Holly and the mother of Child #6. Child #6 was thirteen years old at the time of the incident.

6. Defendant Officer Patrick Kinney is a male police officer employed by the City of Chicago and was at all times relevant in this complaint acting in the scope of his employment and under color of state law. Officer Kinney is a member of the Area South Gun Team and is listed on the search warrant executed at 10640 S. Prairie Ave. Office Kinney is being sued individually.

7. Defendant Officers John Doe 1-8 are male police officers employed by the City of Chicago who were at all times relevant to this complaint acting in the scope of their employment and under color of state law. On information and belief, these officers are members of the Area South Gun Team. These officers are being sued individually.

8. The City of Chicago is a municipal corporation within the State of Illinois, and was at all times material to this Complaint, the employer of defendant police officers.

## FACTS

9. On November 29, 2012 in the early evening hours Charlene Holly was in the first floor apartment at 10640 S. Prairie in the front room helping minor Child #1, Child #2, Child #4, and Child #5 rehearse songs for their church choir. Charlene was also caring for Child #3 who was eleven months old. Child #6 was in the upstairs apartment alone.

10. Charlene and the children heard a loud boom outside and a voice cry out "Across the street!"

11. Defendant Officers John Doe 1-8 burst through the door to the first floor apartment 1 dressed in army fatigues and pointing guns at Charlene and the children. The officers yelled at Charlene and the children to "Get on the ground!" The officers referred to Charlene and the children as "m---f---ers" numerous times.

12. Afraid of the guns being pointed at them, Children #1, 2, 4, and 5 ran to a back bedroom in fear of the officers. In response to the Defendants' order to "Get on the ground!," Charlene got down on the floor. A Defendant Officer told Charlene to "Put the baby down" so Charlene set Child #3 down beside her. The officers yelled at Charlene to get Child #3's hands where they could see them.

13. After attempting to show the officers that the eleven-month-old's hands were empty, Charlene asked the officers "What is this about?" To which they replied "Shut the f--- up."

14. Charlene then attempted to get up from the floor to check on the four minor children in the back bedroom and a defendant officer pushed her back down. A defendant officer

3

also pushed Samuel when he questioned them about their actions. The officers eventually permitted the children to move to the front room with Charlene.

15. Samuel then called the 111th Street police station to ask for a "white shirt" to come to the house and explain the commotion. No supervisor was ever sent to assist Charlene, Samuel, and the children.

16. Charlene, suffering from a heart condition, felt her chest tighten up during these stressful events. Rather than allow Charlene to retrieve her medicine from the bedroom, one defendant officer began rifling through her bedroom drawers and another began rifling through the children's bedroom.

17. Charlene continually asked what the purpose of the detention was. Finally, an officer produced a warrant and handed it to Charlene. The warrant was for an individual named "Sedgwick M. Reavers" and the premises listed was "The second floor apartment located at 10640 S. Prairie Ave. A yellow brick two flat building with the numbers 10640 on the front of the building." In other words, the warrant clearly identified the proper location as the second floor apartment. Charlene, Samuel, and the children were in the first floor apartment.

18. As the officers were detaining Charlene, Samuel, and Children #1-5 in the first floor apartment, they also proceeded to the second floor apartment where Child #6 was home alone. Child #6 was thirteen years old at the time of the incident.

19. The officers approached Child #6 in a bedroom and turned out the lights. They began flashing red lights at the child, calling him "m—f---er," placing him in plastic handcuffs and telling him "I started to tase your grandmother and cousins" and "This is what happens when your grandma sells crack." Child #6 begged the police not to hurt his

family in the apartment below and stated that his grandmother did not sell crack.

20. Officers also advanced to the basement of the house where the family's dog, Samson, was resting. Samson had arthritis and could not move up and down stairs without assistance. At least one of the officers had a "dog pole" similar to that which dog catchers use.

21. Throughout this incident, the family continuously called the 111th street police station requesting a "White shirt" or supervising officer.

22. Eventually, Michelle Robinson returned home and after also demanding a warrant, the defendant officers left. Their detention of Charlene, Samuel, and the minor children lasted approximately 30-45 minutes.

23. On information and belief, the individual named in the warrant, Sedgwick M. Reavers of apartment #2, was sitting in a squad car outside of 10640 S. Prairie throughout the entire incident.

24. The following day Charlene discovered the family dog, Samson, not in the basement where the family kept him, but in an upstairs laundry room. Samson could not have reached the laundry room without human assistance. On information and belief, Defendant Officers dragged and choked Samson from the basement with the dog pole and left him in the upstairs laundry room unattended where he died.

25. Samuel Holly went to the 111th Street police station the following day to make a complaint about the incident and, despite his numerous calls the night before, was told that he could not make the complaint and he "should have made a complaint last night."

26. As a result of the Defendant Officers' actions, the Plaintiffs have experienced extreme emotional distress, including the children's ongoing trauma, anxiety, and fear.

## COUNT I—UNLAWFUL DETENTION

### Fourth Amendment, Section 1983

27. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

28. As described more fully above, Defendant Officers acting under color of law and in the scope of their employment as Chicago Police Officers, unlawfully detained plaintiffs in violation of the United States Constitution.

29. The misconduct described herein was undertaken intentionally, willfully and wantonly.

30. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to, mental distress and anguish.

31. **WHEREFORE**, Plaintiffs demands compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages from Defendants, plus costs, attorneys' fees, and such other additional relief as this Court deems equitable and just.

## COUNT II—UNREASONABLE SEIZURE OF PROPERTY

### Fourth Amendment, Section 1983

32. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

33. As described more fully above, Defendant Officers, acting under state law and in the scope of their employment as Chicago Police Officers, improperly and unreasonably exceeded the scope of their authority by conducting an unlawful search and by seizing and harming the family's property, the family dog.

34. The misconduct described herein was undertaken maliciously, willfully and wantonly.

35. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

36. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

## COUNT III---EXCESSIVE FORCE

### Fourth Amendment, Section 1983

37. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

38. As described more fully above, Defendant Officers, acting under state law and in the scope of their employment as Chicago Police Officers, improperly used excessive force in detaining Plaintiffs, thereby violating the United States Constitution.

39. The misconduct described herein was undertaken maliciously, willfully and wantonly.

40. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

41. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

## COUNT IV—CONSPIRACY

### Fourth Amendment, Section 1983

42. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

43. As described more fully above, Defendant Officers acting under state law and in the

scope of their employment as Chicago Police Officers, reached an understanding, engaged in a sequence of events or course of conduct, and otherwise agreed and conspired together to violate Plaintiffs' constitutional rights.

44. Each Defendant did reach this understanding and agreement and did engage in this course of conduct with mutual purpose, objective, and knowledge that it would deprive Plaintiffs of their rights, immunities, and privileges guaranteed by the Constitution and laws of the United States.

45. The misconduct described herein was undertaken with maliciously, willfully and wantonly, and with reckless disregard to the rights of others.

46. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

47. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

## COUNT V—FAILURE TO PREVENT CIVIL RIGHTS VIOLATION
### Fourth Amendment, Section 1983

48. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

49. As described more fully above, Defendant Officers, the acts of unlawful detention, unreasonable seizure, and excessive force were witnessed and encouraged by numerous officers.

50. One or more of the Defendant Officers had an opportunity and duty to prevent the violation of Plaintiffs' civil rights by the other Defendants, but failed to do so.

51. The misconduct described herein was undertaken maliciously, willfully and wantonly, and with reckless disregard for the rights of others.

52. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

53. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

## COUNT VI—UNLAWFUL SEARCH

### Illinois Constitution, State Law

54. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

55. As described more fully above, Defendants acting under state law and in the scope of their employment as Chicago Police Officers, improperly and unreasonably exceeded the scope of their authority by conducting a search for a person they had already apprehended, in an apartment that was clearly not listed on the warrant, and by using excessive force against Plaintiffs, thereby violating Illinois law and the Illinois Constitution.

56. The misconduct described herein was undertaken willfully and wantonly.

57. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

58. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems

equitable and just.

## COUNT VII—ASSAULT AND BATTERY

### Illinois Law

59. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

60. As described more fully above, Defendants, acting under state law and in the scope of their employment as Chicago Police Officers, willfully and wantonly, created a reasonable apprehension of imminent harm, and physically harmed Plaintiffs.

61. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

62. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

## COUNT VIII—CIVIL CONSPIRACY UNDER ILLINOIS LAW

### Illinois Law

63. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

64. As described more fully above, Defendants, acting under state law and in the scope of their employment as Chicago Police Officers, together reached an understanding, engaged and otherwise jointly acted and/or conspired among and between themselves to unlawfully detain Plaintiffs, unreasonably seize Plaintiff's property, use excessive force, conduct an unlawful search, assault and batter Plaintiff.

65. In furtherance of this conspiracy, each of the Defendants committed the overt acts set forth in the facts above.

66. The misconduct described herein was undertaken maliciously, willfully and wantonly, and with reckless disregard for the rights of others.

67. As a proximate result of the misconduct, Plaintiffs suffered damages, including but not limited to mental distress and anguish.

68. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

### COUNT IX—INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### Illinois Law

69. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

70. The actions of Defendant Officers were extreme and outrageous.

71. The Defendant Officers intended that their conduct would inflict severe emotional distress on Plaintiff or consciously or reckless ignored the high probability that their conduct would cause the Plaintiff severe emotional distress.

72. Plaintiff suffered extreme emotional distress.

73. As an actual and proximate cause of the Defendant Officers' conduct, Plaintiff suffered severe emotional distress.

74. **WHEREFORE,** Plaintiffs demand compensatory damages against Defendant Officers, and because they acted maliciously, willfully and/or wantonly, Plaintiffs demand punitive damages, plus costs, attorneys' fees, and other additional relief as this Court deems equitable and just.

### COUNT X—RESPONDEAT SUPERIOR AGAINST THE CITY OF CHICAGO

**Illinois Law**

75. Plaintiffs allege paragraphs 1-26 as though fully restated herein.

76. Defendant Officers acts of unlawful search, assault and battery, and civil conspiracy under state law, were undertaken in the scope of their employment.

77. Defendants acted willfully and wantonly.

78. Defendant City of Chicago is liable as principle for the torts of its agents.

79. **WHEREFORE**, Plaintiff Andre Smith, demands judgment against Defendant City of Chicago plus costs, and such other additional relief as this Court deems equitable and just.

**PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS.**

Respectfully Submitted,

/s/Theresa Kleinhaus

One of the Attorneys for Plaintiffs

The Law Office of Standish E. Willis
39 S. LaSalle, Suite 1210
Chicago, IL  60605
312-750-1950